J-A05027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL J. CONIKER | : | |
| | : | |
| Appellant | : | No. 250 WDA 2018 |

Appeal from the PCRA Order January 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000696-2013,
CP-02-CR-0000714-2013

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 14, 2019**

Appellant, Michael J. Coniker, appeals from the January 17, 2018 order

denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546. We affirm.

In disposing of Appellant's direct appeal, a prior panel of this Court set

forth the relevant facts and procedural history of this case as follows:

> The notes of testimony from [Appellant's] guilty plea
> hearing reflect the following factual history for this case:
>
>> Beginning with Case No. [CP-02-CR-0000714-2013]
>> the Commonwealth would call witnesses who would
>> testify that on August 25, 2012, [Appellant] entered
>> the house of his neighbor, Keith Edwards, without
>> permission and he then fled and during the course of
>> the flight he was apprehended by police officers. When
>> he was apprehended by police officers, he informed
>> them he had rigged his house with a propane tank by
>> placing it next to his furnace to blow up first
>> responders to his house. Officers then checked his

house and verified that there was a propane ta[nk] hidden next to [Appellant's] furnace. He communicated [this information] to Officers Skillen and then Detective Leach.

With regard to the case at No. [CP-02-CR-0000696-2013], the Commonwealth would call witnesses who would testify that on August 24, 2012, [Appellant] had called Andrew Hrezo on the phone and made numerous threats to Mr. Hrezo threatening physical harm to him.

NT, 8/11/14, at 9.

The trial court summarized the procedural history of this case as follows:

[Appellant] was charged, at [CP-02-CR-0000714-2013], with one count of burglary (18 Pa.C.S.A. § 3502(c)(1)); one count of criminal attempt burglary (18 Pa.C.S.A. § 901(a)); one count of criminal trespass (18 Pa.C.S.A. § 3503(a)(1)(ii)); one count of risking a catastrophe (18 Pa.C.S.A. § 3302(b)); one count of terroristic threats (18 Pa.C.S.A. § 2706(a)(1)); one count of recklessly endangering another person (18 Pa.C.S.A. § 2705); and one count of disorderly conduct graded as a summary offense (18 Pa.C.S.A. § 5503(a)(1)). At [CP-02-CR-0000696-2013], he was charged with two counts of terroristic threats (18 Pa.C.S.A. § 2706(a)(1)).

On August 11, 2014[, Appellant] entered pleas of guilty pursuant to a plea agreement reached with the Commonwealth. That agreement provided for the withdrawal of the burglary and criminal attempt-burglary charges at [CP-02-CR-0000714-2013] and one of the terroristic threat counts at [CP-02-CR-0000696-2013] and the reduction of the criminal trespass charge to a charge of defiant trespass, graded as a misdemeanor of the third degree, and reduction of the risking a catastrophe charge from a felony of the third degree to a misdemeanor of the second degree. [Appellant] entered pleas of guilty to

the reduced charges and the remaining charges that were not withdrawn and an agreed upon sentence [of] three years of probation was imposed at the risking a catastrophe charge at [CP-02-CR-0000696-2013] and at the remaining terroristic threats charge at the other case number, to run concurrently. No further penalty was imposed on the remaining counts. [Appellant], through counsel, filed a motion for leave to withdraw his guilty plea, which was denied by operation of law on December 22, 2014. This appeal followed.

Trial Court Opinion, 4/13/15, at 2-3.

**Commonwealth v. Coniker**, 133 A.3d 82, 119 WDA 2015 (Pa. Super. filed September 29, 2015) (Non-Precedential Decision at *1-2). After review, this Court affirmed Appellant's judgment of sentence. **Id.** at 7. On October 15, 2015, Appellant filed a timely petition for allowance of appeal in the Pennsylvania Supreme Court. Our Supreme Court denied Appellant's petition on March 17, 2016. **Commonwealth v. Coniker**, 134 A.3d 54, 411 WAL 2015 (Pa. 2016).

On July 25, 2017, Appellant filed a PCRA petition. The PCRA court appointed counsel, and on September 6, 2017, counsel entered his appearance for Appellant. On October 25, 2017, appointed counsel filed a motion to withdraw from representing Appellant pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 7, 2017, the PCRA court informed Appellant of its intent to dismiss the PCRA petition without a hearing

pursuant to Pa.R.A.P. 907 on the basis that the PCRA petition was untimely.[1]

On November 30, 2017, Appellant, through new counsel, Attorney Joseph Hudak, filed a response to the PCRA court's notice of intent to dismiss. On January 17, 2018, the PCRA dismissed Appellant's PCRA petition. On February 15, 2018, Attorney Hudak filed a timely notice of appeal on Appellant's behalf. The record does not reflect that the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Did the Court of Common Pleas commit an error of law when it ruled that [Appellant's] PCRA petition was untimely?
>
> 2. Was [Appellant's] PCRA issue litigated previously in this Court at No. 1[1]9 WDA 2015?

Appellant's Brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Staton***, 184 A.3d

---

[1] In addition to concluding that Appellant's PCRA petition was untimely, the PCRA court noted in the alternative: "[E]ven had the Petition been timely filed[,] it would be barred by 42 Pa.C.S.A. § 9543(a)(3) as the challenge to the validity of his guilty plea raised in [Appellant's] Pro Se PCRA [petition] was litigated in his direct appeal." Notice of Intent to Dismiss, 11/1/17, at 2. The import of this statement by the PCRA court is addressed in our discussion of Appellant's second issue, *infra*.

949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

As noted above, the PCRA court dismissed Appellant's PCRA petition because it was untimely. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As we noted earlier, this Court affirmed Appellant's judgment of sentence on September 29, 2015, and our Supreme Court denied Appellant's petition for allowance of appeal on March 17, 2016. Therefore, Appellant's judgment of sentence became final ninety days later, when the time for pursuing a writ of *certiorari* in the United States Supreme Court expired on June 15, 2016. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thereafter,

Appellant had one year, or until June 15, 2017, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1).

As discussed above, Appellant filed his PCRA petition on July 25, 2017. Accordingly, Appellant's PCRA petition is patently untimely. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days from the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).[3]

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3] 42 Pa.C.S. § 9545(b)(2) was amended effective December 24, 2018, and provided that claims arising after December 24, 2017, were permitted to be filed within one year, rather than sixty days, of the date the claim could have been presented. Appellant filed his PCRA petition on July 25, 2017, which was prior to the effective date of the amendment.

The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013).

In his first issue, Appellant asserts that his PCRA petition should be deemed timely due to interference by government officials with the presentation of his claim pursuant to 42 Pa.C.S. § 9545(b)(1)(i). Appellant's Brief at 9. Appellant avers as follows:

> E. For the last several months of the one (1) year filing period for the PCRA Petition, I was incarcerated in the Allegheny County Jail. The lawyer appointed by the Court states in his Turner/Finley No Merit Letter that my incarceration made it "difficult" for me to file the PCRA Petition on time. This is inaccurate. It was not "difficult." It was literally impossible. I was on a mental health pod at the Allegheny County Jail in which inmates: a) have no access to pen or paper; and b) have no means to communicate with the outside world including lawyers. I respectfully request an evidentiary hearing on this issue.
>
> The one (1) year period was "tolled" during this time period. …[4]

Appellant's Brief at 8 (quoting Appellant's Counseled Response to Notice of Intention to Dismiss and Supplement to Appellant's *pro se* PCRA petition, at

---

[4] In his brief and in the counseled supplement to his *pro se* PCRA petition, Appellant mentions tangentially a layered claim of ineffective assistance of counsel. Appellant's Brief at 8; Appellant's Counseled Response to Notice of Intention to Dismiss and Supplement to Appellant's *pro se* PCRA petition, at ¶E. However, there is no further discussion or development of this claim in Appellant's brief. Accordingly, any issue concerning ineffective assistance of counsel is waived for lack of development. **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007).

¶E). Thus, Appellant asserts that when he was incarcerated at the Allegheny County Jail ("ACJ") and placed in the mental health pod, he was unable to file a PCRA petition or contact an attorney.

As noted, Appellant avers that the time in which he was required to file a PCRA petition was tolled during his time at the ACJ. Appellant's Brief at 8. However, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The exception Appellant raises is government interference with his claim under Section 9545(b)(1)(i). Appellant's Brief at 9. Appellant argues that the government interfered with his ability to file a timely PCRA petition while he was incarcerated at the ACJ. *Id.* In order for Appellant to prove that his imprisonment at the ACJ satisfies the governmental interference exception to the PCRA's timeliness requirement, he must establish that the conditions of his incarceration were illegal. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1095, (Pa. 2010) (citing 42 Pa.C.S. § 9545(b)(1)(i) (governmental interference must violate the laws or constitution of the United States or Pennsylvania). Appellant has not plead or proven that his incarceration at the ACJ was illegal. Accordingly, this claim fails.

Moreover, Appellant acknowledges that he was not housed at the ACJ until March 1, 2017. PCRA Petition, 7/25/17, at 10. As noted above,

Appellant's judgment of sentence became final June 15, 2016. Thus, even if we accept as true Appellant's claim that he was prevented from filing a timely PCRA petition during the time he was detained at the ACJ, Appellant failed to identify any barrier that prevented him from filing a petition prior to this period of incarceration, *i.e.*, between June 15, 2016, and March 1, 2017.

For the reasons set forth above, we discern no error in the PCRA court's conclusion that Appellant's PCRA petition was untimely and no exception applied. Therefore, Appellant is entitled to no relief on his first claim of error.

In his second claim on appeal, Appellant avers that his PCRA issue was not previously litigated in his direct appeal. Appellant's Brief at 9. However, we reiterate that the PCRA court dismissed Appellant's PCRA petition because it was untimely, which is a jurisdictional threshold, **Lawson**, 90 A.3d at 4, and not because the issue was previously litigated, which is an eligibility-for-relief requirement under 42 Pa.C.S. § 9543(a)(3).[5] The PCRA court's January 17, 2018 order dismissing Appellant's PCRA petition incorporated by reference the November 7, 2017 notice of intent to dismiss. The notice of intent to dismiss clearly stated the PCRA court would deny Appellant's PCRA petition because it was untimely. Notice of Intent to Dismiss, 11/7/17, at 1. Although the PCRA court mentioned that Appellant's issue was previously litigated, this statement

---

[5] The PCRA states that in order to be eligible for relief, the petitioner is required to establish "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3).

was made purely in the alternative and for the sake of argument only. *Id.* at 2. In light of our disposition of Appellant's first issue on appeal in which we concluded that the PCRA petition was untimely, we need not address Appellant's second claim of error.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, the January 17, 2018 order denying Appellant's PCRA petition is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/2019